## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK DOBRONSKI, individually and on
behalf of a class of all persons and entities
similarly situated,

       Plaintiff

vs.

LOCAL SEARCH GROUP LLC.

       Defendant.

Case No. 2:26-cv-10174

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     However, the TCPA doesn't only restrict robocalls.

3.     "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices,

Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

4.      Plaintiff Mark Dobronski ("Plaintiff") brings this action under the TCPA alleging that Local Search Group LLC ("Defendant") called the Plaintiff, including calls which utilized highly-illegal prerecorded messages. Those calls were made without the call recipient's prior express written consent.

5.      Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

6.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

<u>**Parties**</u>

7.      Plaintiff Mark Dobronski is a person.

8.      Defendant Local Search Group LLC, a Florida limited liability company located in Palm Beach County, FL.

<u>**Jurisdiction & Venue**</u>

9.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10.     Venue is proper under 28 U.S.C. § 1391(b)(2) because the calls that were initiated to the Plaintiff and the putative class that are the subject of the litigation were sent into this District and to encourage the purchase of services to be provided in this District. As such, a substantial part of the events giving rise to the claims occurred in this District.

**The Telephone Consumer Protection Act**

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Prerecorded Calls

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     The TCPA makes it unlawful "to make any call . . . using any . . . artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

15.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

16.     The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

17.     The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

18.     The regulations also require any caller identification information to "include either CPN or ANI" and "permit any individual to make a do-not-call request during regular business hours." *Id.*

19.     A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

20.     This Court recently confirmed that there is a private right of action for violations of this provision. *Id.*; *Dobronski v. CHW Grp., Inc.*, No. 24-CV-11649, 2025 WL 2426370, at *7-*8 (E.D. Mich. Aug. 21, 2025).

**Factual Allegations**

21.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22.     Defendant Local Search Group LLC is a business entity that markets and sells purported "Google Business Listing" and related online marketing services.

23.     To generate business, Defendant Local Search Group LLC places telemarketing calls using prerecorded or artificial voices, including deceptive prerecorded robocalls falsely purporting to originate from "Andrew" from the "Business Help Center."

24.     Plaintiff maintains two telephone lines, ending semi-sequentially in -88 and -90, respectively, used for personal and residential purposes.

25.     Plaintiff's telephone numbers are non-commercial telephone numbers not associated with any business.

26.     Plaintiff is charged per minute for each call placed to the -88 and -90 numbers.

27.     Plaintiff has never been a customer of Defendant Local Search Group LLC.

28.     Plaintiff has never done business with Defendant Local Search Group LLC.

29.     Plaintiff never requested information, marketing materials, or services from Defendant Local Search Group LLC.

30.     Plaintiff never consented to receive telemarketing calls, prerecorded calls, or robocalls from Defendant Local Search Group LLC.

31.     Despite that, on or about the same date, within minutes of each other, Plaintiff received three identical prerecorded robocalls from Defendant Local Search Group LLC to these two separate telephone lines which are charged per minute for the calls.

32.     The calls delivered the same recorded message, with identical wording, cadence, and voice.

33.     The robocalls played the same identical pre-recorded messages, and started almost ten seconds after the Plaintiff yelled "Hello" into his telephone multiple times:

```
Hey, this is Andrew from the Business Help Center. We're having an urgent
issue with the keywords on your Google Business Listing and would like to get
this fixed before the end of the day so it doesn't disrupt services. So please
call us today at your earliest convenience. 877-418-4583. That's 877-418-4583.
Now, our office closes at 5 p.m. Eastern Standard Time today, so please call
us back before then. But again, we're having an urgent issue with the keywords
on your Google Business Listing and would like to get this fixed before the
end of the day so it doesn't disrupt services. So please call us as soon as
you can, 877-418-4583. Thanks. Talk to you soon.
```

34.    The prerecorded messages falsely claimed to be from the illegally and fictitiously named "Business Help Center."

35.    The messages instructed Plaintiff to call back a telephone number, 877-418-4583, to resolve the purported issue.

36.    As such, this further supports the fact that the calls were prerecorded as it would be illogical to call a number and simply just play a message telling the person to call a different number.

37.    The messages did not identify Local Search Group LLC as the caller.

38.    The messages did not provide a legitimate callback number to request placement on a do-not-call list.

39.    The messages did not provide any opt-out mechanism.

40.    The messages were deceptive in that they falsely implied affiliation with or authorization by Google and a fictitious non-existent entity.

41.    The calls were clearly prerecorded because the voice was scripted, mechanically delivered, and identical across multiple calls placed within minutes of each other.

42.    Upon calling back the number provided in the messages, Plaintiff reached a live sales operation soliciting payment of approximately $399 for a purported "Google Business Listing" service.

43.     The Plaintiff was solicited for the Defendant's products and services.

44.     The plaintiff played along with the script to ascertain the identity of the caller and for no other reason.

45.     The Plaintiff provided his credit card number and received a charge of $399 from the Defendant on his credit card.

46.     The prerecorded robocalls were designed to induce recipients to return the call with a false sense of urgency and purchase Defendant's services.

47.     The calls were placed in close temporal proximity to one another, to different telephone lines, further demonstrating the use of automated calling technology, specifically, technology that sequentially dials numbers, as demonstrated in the timing through which Defendant sequentially dialed the Plaintiff's numbers.

48.     The calls all came from the following numbers, and transmitted the caller ID, in the form of both CPN and ANI as follows, which included "spoofed" numbers. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendants' calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | CNAM Avail? | CNAM Result | Carrier of Record |
|--------|-------------|-------------|-------------------|
| 3083360627 | Y | FARWELL NE | Nuso |
| 4752167223 | Y | ANSONIA-DERB CT | Nuso |
| 3195031748 | Y | CEDAR RAPIDS IA | BrightLink |

49.     In all of the cases of all of the numbers at issue, the Defendant appears to have spoofed them to numbers that are not assigned or to numbers that are assigned to innocent third parties, as will be revealed through discovery, to further hide its location.

50.     With respect to each of the numbers listed above, none of the numbers permit a caller to call the number and lodge a do not call request during regular business hours. It is not possible to call any of those numbers back to lodge a Do Not Call request during regular business hours.

51.     Nor will anybody texting or calling those telephone numbers receive an alternate number to call to lodge a Do Not Call request during regular business hours.

52.     The calls were not placed in response to any inquiry by Plaintiff.

53.     The calls were unsolicited.

54.     The calls were unwanted.

55.     The calls were nonconsensual encounters.

56.     Plaintiff's privacy was violated by the receipt of these prerecorded telemarketing calls.

57.     Plaintiff was temporarily deprived of the legitimate use of his telephone lines while the calls were placed.

58.     The calls were annoying, intrusive, and a nuisance.

59.     The calls disturbed Plaintiff's solitude.

60.     The calls unnecessarily tied up telephone lines and network resources.

61.     Plaintiff was not provided with any legally compliant means to opt out of future calls.

62.     The prerecorded robocalls and subsequent solicitation were part of a coordinated telemarketing campaign by Defendant Local Search Group LLC.

63.     The purpose of the prerecorded calls was to advertise and market Defendant Local Search Group LLC's services.

64.     Plaintiff and other call recipients were harmed by Defendant's conduct.

65.     Plaintiff and the Classes have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## Class Action Statement

66.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

67.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

68.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their residential telephone, cellular telephone, or any other protected telephone service, including any service for which the called party is charged for the call (3) from or on behalf of the Defendants (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did  not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

**Florida Telephone Solicitation Act Autodial Class**: All persons in the U.S., who, (1) received a telephonic sales call from Defendant made from or into Florida regarding business listing goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) within the four years prior to the filing of the Complaint.

69.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

70.     Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

71.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

72.     This Class Action Complaint seeks injunctive relief and money damages.

73.     The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

74.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

75.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

76.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

77.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

78.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.      Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

b.      Whether Defendant transmitted compliant caller ID information as required by law;

c.      Whether Defendant's conduct constitutes a violation of the TCPA; and

d.      Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

79.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

80.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

81.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents, if any, as discovery may reveal.

82.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

83.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**

**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)(1)(B) and/or (b)(1)(A)(iii)) on behalf of the Robocall Class**

84.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

85.     The Defendant violated the TCPA by sending or causing to be sent calls to the residential telephones and other protected telephones of Plaintiff and members of the Robocall Class using pre-recorded messages without their prior express written consent.

86.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

87.     The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

88.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

89.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

90.     It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

91.     It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

92.     Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier, by calling without transmitting CPN or ANI, or by calling while transmitting non-compliant CPN or ANI.

93.     These violations were willful or knowing.

94.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

95.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact residential telephone lines and other protected lines, except for emergency purposes, in the future;

B.      Injunctive relief prohibiting Defendant from transmitting inaccurate and non-compliant caller ID information in the future;

C.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

D.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

E.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this January 18, 2026.

> _/s/ Andrew Roman Perrong_
> Andrew Roman Perrong, Esq.
> PA Bar #333687
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

14