## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK DOBRONSKI, individually and
on behalf of a class of all persons and
entities similarly situated,

       Plaintiff

vs.

LOCAL SEARCH GROUP LLC.

       Defendant.

Case No.  2:26-cv-10174

## MOTION AND BRIEF IN SUPPORT OF MOTION
## FOR EXTENSION OF TIME
## TO SERVE SUMMONS AND COMPLAINT

Plaintiff Mark Dobronski ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 4(m) and 6(b) for a sixty (60) day extension of time to complete service of the Summons and Complaint on Defendant Local Search Group LLC ("Local Search Group") (collectively, "Defendant"). In support thereof, Plaintiff relies on the underlying brief.

1

## L.R 7.1 STATEMENT OF CONFERRAL

Counsel for Plaintiff was unable to correspond with counsel for Defendant because of the nature of the relief sought, and because Defendant has not been able to be served yet.

## ISSUES PRESENTED

1. Whether Plaintiff should be granted an additional 60 days within which to effectuate service of the Summons and Complaint?

Proposed Answer: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Plaintiff relies on the authorities cited in his Memorandum in Support, including, without limitation, Federal Rule of Civil Procedure 4(m) and *Tindle v. Xenos*, No. 09-CV-14826, 2010 WL 4739787, at *2 (E.D. Mich. Nov. 16, 2010).

## BRIEF IN SUPPORT

Plaintiff filed this action on January 18, 2026. Under Federal Rule of Civil Procedure 4(m), Plaintiff has ninety (90) days from the filing of the Complaint to serve each Defendant, making the current deadline April 20, 2026, being that April 18 falls on a weekend. Plaintiff retained professional process servers to effectuate service on both Defendant. Despite diligent efforts, Defendant has not been served as of April 18, 2026.

As the affidavit of nonservice indicates, the Defendant's registered office address on file with the Secretary of State is a market called King of the Forest Market. And at least two addresses for Defendant's owner have been attempted as well, with evidence of evasion. As such, the Plaintiff intends to serve the Defendant through substitute service on the Florida Secretary of State, which such service has been submitted and is awaiting processing by the Secretary of State office.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Rule 4(m) further provides that if a defendant is not served within 90 days after the complaint is filed, the court

3

"must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, the court must extend the time for service if the plaintiff demonstrates good cause for the failure to serve.

Good cause exists here. This Court has found good cause under Rule 4(m)'s standard when the Plaintiff has been reasonably diligent in effectuating service of the Summons and Complaint but is getting the "run-around" and despite "active efforts to serve the defendants." *Tindle v. Xenos*, No. 09-CV-14826, 2010 WL 4739787, at *3 (E.D. Mich. Nov. 16, 2010)

Plaintiff has acted diligently in attempting to serve Defendant. Plaintiff retained professional process servers promptly after filing suit, and service documents were transmitted to both servers within days of filing. Those process servers made eleven attempts without success, and Plaintiff has now submitted the lawsuit for substitute service on the Secretary of State, which is permitted as of right under Florida law. The difficulty in completing service is thus attributable entirely to Defendant's apparent unavailability at their known business address and evasion on the part of the owners, not to any lack of diligence on Plaintiff's part.

A sixty (60) day extension will allow Plaintiff to finalize the process of substitute service on the Florida Secretary of State.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff respectfully requests that this Court

enter an order extending the time for Plaintiff to serve the Summons and

Complaint on Defendant, and for such other and further relief to which Plaintiff

may be justly entitled.


         RESPECTFULLY SUBMITTED AND DATED this 18th day of April,
2026.


                                        */s/ Andrew Roman Perrong*
                                        Andrew Roman Perrong, Esq.
                                        Perrong Law LLC
                                        2657 Mount Carmel Avenue
                                        Glenside, Pennsylvania 19038
                                        Phone: 215-225-5529 (CALL-LAW)
                                        Facsimile: 888-329-0305
                                        a@perronglaw.com


## CERTIFICATE OF SERVICE

     I certify that I filed the foregoing via ECF on the below date.


April 18, 2026


                                        */s/ Andrew Roman Perrong*
                                        Andrew Roman Perrong, Esq.